**SHUN QING KE, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondent.**

**No. 04–1018–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Shun Qing Ke, Brooklyn, New York, for Petitioner, pro se.

Marcos Daniel Jimenez, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Assistant United States Attorney, Miami, Florida, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable CHESTER J. STRAUB, and Honorable SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner *pro se* Shun Qing Ke petitions for review of the BIA's February 4, 2004 order denying his December 11, 2003 motion to reconsider its December 2, 2003 denial of his previous motion for reconsideration. He also seeks review of the BIA's August 25, 2003 decision affirming the decision of the immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and the procedural history.

A petition for review of the denial of a motion to reconsider calls up for review only the merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Ke's petition for review is timely only with respect to the BIA's February 4, 2004 order denying his second motion for reconsideration. Accordingly, our review is confined to the merits of that denial of reconsideration. We review that denial for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a).

Under the regulations governing reconsideration of decisions of the BIA, "[a] party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2) (2005). The BIA's decision affirming the order of the IJ was issued on August 25, 2003, and Ke moved for reconsideration on October 8, 2003. When that motion was denied on December 2, 2003, Ke moved for reconsideration on December 11, 2003. Whether his December 11, 2003 motion is viewed as a second motion to reconsider the BIA's August 25, 2003 decision, or as a motion to reconsider its December 2, 2003 denial of his first motion to reconsider, the December 11, 2003 motion is expressly prohibited by § 1003.2(b)(2), and the BIA did not abuse its discretion in denying it.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

The stay of removal previously granted in this proceeding is vacated.